## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

OZARK STEEL FABRICATORS, INC.,
JIMMY DEWAYNE HAND,
TRAVIS BRYANT MASSIE,
CHARLES EDWARD CRITES, and
MATTHEW RYON LAUT,

                             Plaintiffs,

     vs.

SRG GLOBAL, LLC, erroneously denominated by
plaintiffs as SRG GLOBAL, INC., and
Brandon Lorenz

                          Defendants.

**Jury Trial Demanded**

Civil Action No.  4:20-cv-01772

## NOTICE OF REMOVAL

Defendants SRG Global, LLC ("SRG")[1] and Brandon Lorenz, (collectively,

"Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-styled

action to this Court from the Circuit Court of St. Francois County, Missouri. This matter is

properly before federal court because Plaintiffs have fraudulently joined Brandon Lorenz, a non-

diverse party, through a standalone and frivolous allegation intended solely to avoid federal

jurisdiction, and diversity of citizenship exists among the remaining and properly joined parties

Defendant SRG, whose ultimate member is a Kansas corporation, and the Plaintiffs, all Missouri

residents. Additionally, federal question jurisdiction exists as Plaintiffs allege a claim under the

---

[1] Plaintiffs have incorrectly identified the defendant entity in their Petition as SRG Global, Inc., which was converted into SRG Global, LLC on December 31, 2019. Defendants are correcting this misnomer and responding on behalf of SRG Global, LLC. SRG Global Coatings, LLC is the correct party in interest as the landowner of the property that is the subject of Plaintiffs' Petition. Regardless of the entity Plaintiffs intend to sue, the diversity jurisdiction analysis does not change. Defendants do not waive any defenses on this issue and expressly reserve the right to raise any such defenses in future pleadings.

guise of state law that is inherently federal in nature. In support of this removal, Defendants state as follows:

## INTRODUCTION

1.     Plaintiffs instituted in the Circuit Court of St. Francois County, Missouri, the instant action styled, *Ozark Steel Fabricators, Inc., et al. v. SRG Global., et al.*, Case No. 20SF-CC00182 (the "Lawsuit").

2.     A copy of the Petition, together with the complete file of the action filed in St. Francois County, Case No. 20SF-CC00182, is attached hereto as Exhibit 1. Defendants are unaware of the existence of any process, pleadings, or orders other than the documents included in the exhibits attached hereto. There are no motions or hearings pending before the Circuit Court of St. Francois County, Missouri in this matter.

3.     Plaintiffs consist of a Missouri domiciled corporation, Ozark Steel Fabricators, Inc. ("Ozark Steel") and four of its owners, each a Missouri citizen: Jimmy D. Hand, Travis Massie, Charles Crites, and Matthew Laut. *See* Petition ¶¶ 2-5.

4.     Defendant SRG is a Delaware limited liability corporation. SRG's sole member is Guardian Industries Holdings, LLC, a Delaware limited liability corporation.

5.     The sole member of Guardian Industries Holdings, LLC is GI, LLC, a Delaware limited liability corporation.

6.     The sole member of GI, LLC, is Guardian Industries Resources, LLC, a Delaware limited liability corporation.

7.     The sole member of Guardian Industries Resources, LLC is Guardian Industries Equity Holdings, LLC, a Delaware limited liability corporation.

8.     The sole member of Guardian Industries Equity Holdings, LLC is KGIC

Holdings, LLC, a Delaware limited liability corporation,

9.     The sole member of KGIC Holdings, LLC is Koch Industries, Inc., a privately

held Kansas corporation with a principal place of business in Kansas.

10.     For purposes of determining diversity of citizenship, SRG is therefore a citizen of

Kansas.

11.     Defendant Brandon Lorenz is a citizen of Missouri and former employee of SRG.

12.     Plaintiffs allege SRG caused the release of what they call hazardous substances

including hexavalent chromium and PFAS to be deposited on the land and groundwater, which

migrated to the south adjacent property owned and occupied by Ozark Steel. *Id.* ¶ 14. Plaintiffs

further allege a release of hazardous substances has impacted the onsite drinking water source

which was ingested, resulting in property damage, personal injury, and the need for medical

monitoring. *Id.* at ¶ 29.

13.     The Petition brings nine causes of action against SRG for negligence per se,

negligence, nuisance, trespass, unjust enrichment, and punitive damages relating to the two

alleged hazardous substances.

14.     The only count against the non-diverse defendant Brandon Lorenz, is the tenth

and final count alleging negligent misrepresentation arising out of alleged statements to Ozark

Steel regarding the nature of the hazardous substances identified in the Petition.

## NOTICE OF REMOVAL IS TIMELY

15.     Defendant SRG was served on November 18, 2020 and Brandon Lorenz was

served on November 14, 2020. This Notice of Removal is timely pursuant to 28 U.S.C. §

1446(b) because it is filed within thirty (30) days of Defendants' receipt of service of the

Petition, and within one year of the Lawsuit being commenced.

16.     No previous request has been made for the relief requested in this Notice.

**ARGUMENT**

**I.      Removal is proper because this Court has subject matter and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.**

17.     This Court has subject matter jurisdiction under general diversity because this is a

civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs

and interest, and is between properly joined citizens of different states. 28 U.S.C. § 1332.

18.     This Court also has subject matter jurisdiction because Plaintiffs seek recovery of

response costs through an action which is inherently federal in nature under the Comprehensive

Environmental Response, Compensation, and Liability Act of 1980 § 101, 42 U.S.C. § 9601 *et

seq.* ("CERCLA"), though artfully pled as if it were a private tort action under Missouri state

law. Because such claims raise a question of federal law, Plaintiffs claims therefore create

federal question jurisdiction under 28 U.S.C. § 1331.

**A.  Diversity jurisdiction exists because Plaintiffs' fraudulently joined non-diverse defendant Brandon Lorenz.**

19.     Plaintiffs' addition of Mr. Lorenz is nothing more than a thinly veiled attempt to

deprive this court of jurisdiction. To realize that goal, Plaintiffs allege a single count of negligent

misrepresentation naming only Mr. Lorenz, who is not identified in any of the other nine counts

of the Petition and is the only individual identified in the Petition as a defendant. Their true intent

is belied by Paragraph 12 of the Petition, which reads more like a legal brief rebuffing federal

diversity jurisdiction than a complaint allegation:

> …Federal courts only have diversity jurisdiction when there is complete diversity
> between the set of adverse parties—when all plaintiffs are citizens of different

states from all defendants. Mr. Lorenz is a non-diverse defendant. Plaintiffs do not seek to hold Mr. Lorenz liable solely for the torts of SRG but rather for his own torts. Mr. Lorenz has a direct and real connection to the controversy. **There is a reasonable possibility, based on this pleading**, **that Plaintiffs can state a cause of action against Mr. Lorenz, the non-diverse defendant** in state court.

*Id*. at ¶ 12 (emphasis added).

20.     Plaintiffs even argue the Petition raises a "reasonable possibility" that Plaintiffs can state a cause of action against Mr. Lorenz, a direct reference to case law surrounding fraudulent joinder (albeit, the incorrect standard). *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

21.     Most importantly, Plaintiffs advance a theory of negligent misrepresentation without basis in law or fact, which therefore fails to prevent removal to federal court. Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.  *Augustine v. Target Corp.*, 259 F. Supp.2d 919, 922 (E.D. Mo. 2003) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). Fraudulent joinder exists where there is "no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810. If there is no reasonable basis in fact or law supporting the claim against the resident defendant or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder of that defendant is fraudulent and removal is proper. *Reeb v. Wal-Mart Stores, Inc.,* 902 F. Supp. 185, 187 (E.D. Mo. 1995); *Menz v. New Holland N. Am., Inc*. 440 F.3d 1002, 1004 (8th Cir. 2006). The doctrine allows the district court to assume jurisdiction over a facially non-diverse case temporarily, dismiss the non-diverse/fraudulently joined party

from the case, and retain subject matter jurisdiction over the remaining claims in federal court. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 951 (8th Cir. 2011). Although the question of whether a plaintiff has fraudulently joined a defendant requires a close analysis of state law, this question is ultimately one of federal law. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 978 (8th Cir. 2011).

> i. **Brandon Lorenz has been fraudulently joined because Plaintiffs' claim of negligent misrepresentation fails as a matter of law.**

22.    A negligent misrepresentation claim is premised upon the theory that the speaker believed that the information supplied was correct, but was negligent in so believing. *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo. Ct. App. 1994). In order to substantiate their claim of negligent misrepresentation, Plaintiffs must prove: (1) that speaker supplied information in the course of his business or because of some other pecuniary interest; (2) that, due to speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) that speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) that listener justifiably relied on the information and (5) that as a result of listener's reliance on the statement, he/she suffered a pecuniary loss. *Id.*

23.    Unreasonableness is evidently not a core theme of Plaintiffs' negligent misrepresentation claim as the Petition offers no act or omission by Mr. Lorenz that demonstrates failure to exercise reasonable care. Plaintiffs basis for liability is premised on the notion that Mr. Lorenz allegedly communicated there were no hazardous chemicals in the groundwater or danger from consumption, but "knew about the PFAS drinking well contamination months and/or years before informing Ozark Steel." Petition ¶¶ 117, 131. That theory is untenable- Plaintiffs admit in the very same count that Mr. Lorenz called Plaintiffs on

March 27, 2019 to inform them of potential PFAS contamination, which occurred shortly after the first round of PFAS sampling at SRG's property in February 2019. *Id*. at ¶¶ 19, 128. **Sampling at Ozark Steel's property for PFAS did not occur for the first time until April 2019**. *Id*. at ¶ 20. The results of the sampling were not actually confirmed until May 7, 2019. *Id*. at ¶¶ 21, 129. Plaintiffs have no reasonable basis to allege Mr. Lorenz failed to exercise reasonable care in **obtaining or communicating** information to Plaintiffs when he promptly communicated the findings of the **very first** PFAS investigation on SRG's property. On the contrary, the Petition establishes a pattern of transparency by Mr. Lorenz. Thus, there is no reasonable basis to support the claim against Mr. Lorenz, demonstrating his joinder is fraudulent.

24.     Second, Plaintiffs' allege only a conclusory, self-serving allegation to support their claim, despite pleading rules requiring specificity in pleading misrepresentation, offering only that Mr. Lorenz "supplied false information to Plaintiffs." *Id*. at ¶ 117.  Plaintiffs' provide no context for this vague, ambiguous statement, which is wholly insufficient to support a claim. On the contrary, Plaintiffs' recall and allege with perfect clarity that Mr. Lorenz called Plaintiffs on March 27, 2019 to inform them of potential PFAS contamination. Because there is no factual or legal basis provided by plaintiffs to support this claim, it is evident Mr. Lorenz has been fraudulently joined. *Reeb*, 902 F. Supp. at 188.

25.     Third, assuming, *arguendo*, that Mr. Lorenz did make a statement to Plaintiffs about the condition of the groundwater, they are unable to demonstrate this purported information conveyed by Mr. Lorenz was false and should have been known to be false at the time the statement was made. Sampling of the Ozark Steel property well for PFAS by Arcadis did not occur until April 2019 **for the very first time**. Plaintiffs acknowledge PFAS can be "highly mobile in groundwater", meaning the conditions detected in April 2019 are likely to

have changed over time. Petition at ¶ 124. The failure to provide evidence that a defendant's statements are knowably false is fatal to recovery for negligent misrepresentation. *Allen Quarries, Inc. v. Auge*, 244 S.W.3d 781, 785 (Mo. Ct. App. 2008); *Rainey-Hicks v. Missouri Accreditation of Programs for Children & Youth*, 466 S.W.3d 699, 707 (Mo. Ct. App. 2015). Because there is no evidence that any information Mr. Lorenz' conveyed was indeed knowably false, Plaintiffs claim must fail.

26.     Fourth, Plaintiffs do not allege facts showing they were justified to rely on alleged statements by Mr. Lorenz because no testing for PFAS had been conducted at the time the statement presumably occurred.[2] A defendant can only be liable for negligent misrepresentation if the plaintiff was justified in relying on the information negligently supplied. *Jim Lynch Cadillac, Inc. v. Nissan Motor Acceptance Corp.*, 896 S.W.2d 704, 708 (Mo. Ct. App. 1995). Plaintiffs only allege they were justified in relying on statements from Mr. Lorenz because he had "direct communication with Arcadis" regarding the presence of PFAS. *Id*. at ¶ 119. As noted above, Plaintiffs do not provide any details surrounding the communication with Mr. Lorenz where he allegedly provided false information, although from the context, presumably they claim the mysterious conversation occurred prior to Arcadis' 2019 investigation. Plaintiffs would therefore not be justified in relying on the statement *because no sampling for PFAS at Ozark Steel's property had been conducted by Arcadis*. The character of alleged representations as actionable or not must be considered *at the time they were made. City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987). Given that no testing for PFAS at Ozark Steel's property had been conducted by Arcadis, Plaintiffs cannot justifiably rely on purported statements from Mr. Lorenz.

_____

[2] Plaintiffs later allege that "Mr. Lorenz knew PFAS may be discovered in Ozark's drinking water supply", indicating the purported statement was made prior to Arcadis' 2019 sampling for PFAS. Petition at ¶ 125.

27.    Moreover, Plaintiffs were clearly aware of Arcadis' expertise regarding such groundwater sampling as they described in their Petition. Petition ¶ 118.  With the knowledge that an expert environmental consulting firm was involved in the investigation of groundwater, it was entirely unjustified for Plaintiffs to rely on purported statements by Mr. Lorenz, the plant manager of SRG who was not involved with any of the actual testing or data analysis.

28.    Fifth, Plaintiffs must demonstrate the speaker that speaker supplied information in the course of his business or because of some other pecuniary interest. As a corollary, the defendant must be in a business that supplies the kind of information at issue, or have a specific pecuniary interest in supplying the information at issue. *Frame v. Boatmen's Bank of Concord Village*, 782 S.W.2d 117 (Mo. Ct. App. E.D. 1989). Plaintiffs' have not alleged Mr. Lorenz personally held any pecuniary interest in conveying such information, nor did any exist.

29.    Finally, Mr. Lorenz did not provide any information in the course of a particular business transaction. To be liable for negligent misrepresentation, the defendant must supply the false information in connection with a particular business transaction. *Ziglin v. Players MH, L.P.,* 36 S.W.3d 786 (Mo. Ct. App. E.D. 2001) ("If no transaction occurs, then the defendant cannot be liable for negligent misrepresentation"). The parties had no ongoing business transaction or relationship, and therefore Missouri law does not provide for liability to attach under a claim of negligent misrepresentation.

### ii.    **Plaintiffs have no intention of actually pursuing Mr. Lorenz for fraudulent misrepresentation**.

30.    Plaintiffs' claim is unreasonable because it embroils Mr. Lorenz in a lawsuit for no other reason than to provide Plaintiffs a tenuous argument to forum shop the venue of their choosing.  It is evident from the face of Plaintiffs' Petition there is no intent to pursue Mr. Lorenz, Plaintiffs seek no additional relief from Mr. Lorenz from that sought from SRG, and

cannot have any reasonable expectation that such relief would be obtained. *See, e.g.*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921) (finding that that joinder was "a sham and fraudulent" because the codefendant "was joined without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal ...."); *Chi., Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 194 (1913) (instructing courts to evaluate "whether there was a real intention to get a joint judgment").

31.     Thus, the only reasonable conclusion is that Plaintiffs sued Mr. Lorenz in his individual capacity for the sole purpose of defeating diversity jurisdiction—the primary artifice the doctrine of fraudulent joinder is designed to prevent. *Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants were fraudulently joined where "no material allegations against [the in-state defendants] are made").

### iii.     The amount in controversy requirement is satisfied.

32.     Although no specific dollar amount is alleged, it is apparent from the Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs' Petition contains ten individual Counts that seek to recover remediation costs, damages to compensate the Plaintiffs for loss of use and enjoyment, business interruption, injury and medical monitoring, as well as punitive damages.  *See* Petition, Prayer for Relief ¶  (a)-(d). Punitive damages are appropriately considered in the calculation of the amount in controversy for purposes of establishing diversity jurisdiction. *Allison v. Security Ben. Life Ins. Co*., 980 F.2d 1213, 1215 (8th Cir. 1992).

33.     Moreover, all settlement demands made to date in an effort to resolve these claims prior to the filing of the instant lawsuit have been well in excess of $75,000. *Billingsley v. McGriff Transp., Inc.*, No. 05-CV-4397-NKL, 2006 WL 51188 (W.D. Mo. Jan. 10, 2006)

(evidence of settlement demands are sufficient proof to satisfy the amount in controversy inquiry); *Cent. Iowa Agri-Systems v. Old Heritage Advertising and Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. Iowa 1989) ("When a pleading stating a claim does not allege a specific dollar amount in controversy, the person defending against the claim has a duty to make reasonable inquiry at the time the suit is filed, using information the defendant then has concerning the plaintiff's claim."). Accordingly, the amount in controversy demanded by Plaintiffs satisfies the federal requirement.

**B.   Plaintiffs' cost recovery claim raises a question of federal law over which this court has subject matter jurisdiction.**

34.      It is well established that a plaintiff cannot escape federal jurisdiction by artfully pleading around federal issues and omitting necessary federal questions. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983)). The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state law claim as a federal claim." *Precision Pay Phones v. Qwest Comms. Corp.*, 210 F. Supp. 2d 1106, 1112-13 (N.D. Cal. 2002) (citing *Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1985)); *see also State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1109 n. 4 (8th Cir. 1999) (under the artful pleading doctrine, federal courts have subject matter jurisdiction over purported state law claims if a plaintiff failed to plead a federal right or immunity that is an essential element of cause of action); *Missouri v. Webb*, No. 4:11CV1237, 2012 WL 1033414, at *3 (E.D. Mo. Mar. 27, 2012) ("[u]nder the 'artful pleading' doctrine…a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim").

35.     Where a court concludes that a plaintiff has artfully pleaded claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. *Id*. The lack of a specifically stated federal cause of action does not preclude removal of a lawsuit to federal court. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005). The primary query is whether "a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*.

36.     United States federal courts are vested with exclusive jurisdiction over matters arising under CERCLA. *See* 42 U.S.C. § 9613(b). This delegation of authority is not so narrow as to prevent jurisdiction over related state matters, instead encompassing state law claims that implicate federal issues arising under CERCLA. *See Fort Ord Toxics Project, Inc. v. California E.P.A.*, 189 F.3d 828, 832 (9th Cir. 1999) (finding federal courts have jurisdiction to hear claims brought pursuant to state law challenging CERCLA cleanup plan). Where plaintiffs do not invoke the substantive or remedial provisions of CERCLA, the exclusive jurisdiction provision may still apply if the underlying claims are characterized as CERCLA claims. *See Texas Envtl., L.L.C. v. BP Amoco Chem. Co.*, 329 F. Supp. 2d 853, 869 (S.D. Tex. 2004). A cause of action founded in state law can be deemed to arise under federal law "(1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Lehman Bros Inc. v. City of Lodi*, 333 F. Supp. 2d 895, 900 (E.D. Cal. 2004).

37.     Although purporting to seek relief under Missouri law, Plaintiffs' Petition functionally seeks relief pursuant to the cost recovery provisions of CERCLA and are necessarily

federal in character. The Petition demands compensatory damages in an amount commensurate with past and future "response costs" incurred by Plaintiffs. Petition ¶¶ 29 and 108. That is a CERCLA defined term.  Plaintiffs' specifically allege these costs have or will be incurred as a result of a "release" of "hazardous substances". Petition ¶ 108.  That is a CERCLA defined term. And they characterize the groundwater constituents for which they sue as "hazardous substances."  That too is a CERCLA defined term.  Without citing CERCLA, plaintiffs plead a CERCLA claim.

38.     Such a claim amounts to seeking cost recovery under CERCLA §107(a)(4), which provides private parties with a cause of action to recover "all costs of removal or remedial action" and "necessary costs of response". 42 U.S.C. § 9607(a)(4)(A)-(B); *see also* 42 U.S.C. § 9601(25) ("response" includes "remove, removal, remedy, and remedial action"). It is CERCLA that creates a cause of action for recovery of such costs incurred with a "release" (defined at 42 U.S.C. § 9601(22) of "hazardous substances" (defined at 42 U.S.C. § 9601(14)).  Because the Petition raises a claim that is inherently and exclusively federal in character, it is appropriate for removal and properly within the exclusive jurisdiction of the federal court.

39.     Plaintiffs' artfully pled Petition under the guise of Missouri state law attempts to but does not usurp Defendants' right to remove this matter to federal court. Causes of action seeking where the underlying claim is necessarily federal in character are properly within the purview of the federal court.

WHEREFORE, Defendants respectfully remove the Lawsuit now pending in the Circuit Court of St. Francois County, State of Missouri, to this Court.

Dated: December 14, 2020                By:  /s/ *William G. Beck*
                                             William G. Beck        #26849(MO)
                                             Allyson E. Cunningham  #64802(MO)
                                             Attorneys for Defendants
                                             Lathrop GPM LLP
                                             2345 Grand Boulevard, Suite 2200
                                             Kansas City, Missouri  64108-2618
                                             Telephone: (816) 292-2000
                                             Fax: (816) 292-2001
                                             Email: william.beck@lathropgpm.com
                                             Email: allyson.cunningham@lathropgpm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was served via the U.S. District Court ECM/ECF system and via First Class Mail, postage prepaid, on the following counsel of record, this 14th day of December 2020:

    Simmons Hanly Conroy LLC
    Ted Gianaris
    G. Michael Stewart
    One Court Street
    Alton, IL 62002
    Telephone: (618) 259-2222
    Fax: (618) 259-2251
    tgianaris@simmonsfirm.com
    mstewart@simmonsfirm.com

    ATTORNEYS FOR PLAINTIFFS


                                      /s/ *William G. Beck*
                                      An Attorney for Defendants