# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OZARK STEEL FABRICATORS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SRG GLOBAL, LLC[1], et al., )<br>)<br>Defendants. ) | No. 4:20CV1772 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed December 21, 2020. (ECF No. 8). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Ozark Steel Fabricators, Inc. ("Ozark") is a Missouri corporation with its principal place of business located at 1 Ozark Steel Drive, Farmington, Missouri, 63640 ("the Ozark Property"). (Compl., ¶ 1). Plaintiffs Charles Edward Crites, Matthew Ryon Laut, Travis Bryant Massie and Jimmy DeWayne Hand all claim to be owners of Ozark and Missouri residents. (*Id.*, ¶¶ 2-5).

---

[1] Plaintiffs originally sued SRG Global, Inc. and Brandon Lorenz. (*See* Petition (hereinafter "Complaint" or "Compl."), ECF No. 5). According to Defendants, Plaintiffs incorrectly identified the defendant entity in their Complaint as SRG Global, Inc., which was converted into SRG Global, LLC on December 31, 2019. (*See* Defendants' Notice of Removal, ECF No. 1, P. 1 n. 1). Defendants corrected the misnomer and responded on behalf of SRG Global, LLC. (*Id.*). Defendants further noted SRG Global Coatings, LLC is the correct party in interest, as the landowner of the property that is the subject of Plaintiffs' Complaint. (*Id.*). On March 2, 2021, the Court granted Plaintiffs' Motion to Amend, thereby adding SRG Global, LLC and SRG Global Coatings, LLC as Defendants. (*See* ECF Nos. 29-31). The Court refers to the SRG Defendants collectively throughout this Order as "SRG".

SRG holds itself out to be one of the world's leading manufacturers of chrome plated plastic parts for the automotive and commercial truck industries, and has a manufacturing presence in North America, Western and Central Europe and Asia. (Compl., ¶ 8). According to Plaintiffs, SRG has a plant located at 2055 Progress Drive, Farmington, Missouri, 63640, where it manufactured chrome plated plastic parts. (*Id.*, ¶¶ 7, 9). Plaintiffs allege that at all relevant times, Defendant Brandon Lorenz ("Lorenz") was the Plant Manager for SRG in Farmington, overseeing and responsible for operations at the plant. (*Id.*, ¶ 10).[2]

Plaintiffs allege that sometime on or about October 26, 2017, Lorenz informed Plaintiffs that SRG had caused, and was continuing to cause, hexavalent chromium to be released into the soil and to the groundwater migrating to the Ozark Property. (Compl., ¶ 14). Lorenz allegedly informed Plaintiffs that SRG had released the hexavalent chromium for an undetermined period of time, that the release was ongoing, and that SRG was investigating the extent of the contamination. (*Id.*, ¶ 15). The parties signed an access agreement, and SRG conducted groundwater tests. (*Id.*, ¶¶ 16, 17).

According to Plaintiffs, the testing confirmed elevated levels of hexavalent chromium in Plaintiffs' groundwater on the Ozark Property, which exceeded Missouri's risk-based corrective action standard for groundwater. (*Id.*, ¶ 18). Plaintiffs claim Lorenz telephoned on March 27, 2019, and informed them SRG had reason to believe it had contaminated Plaintiffs' drinking water with hazardous substances, including certain per- and polyfluoroalkyl substances ("PFAS") chemicals and hexavalent chromium. (*Id.*, ¶ 19).

On April 8, 2019, samples of Plaintiffs' drinking water were obtained to test for the presence of PFAS. (Compl., ¶ 20). The laboratory results were communicated to Plaintiffs on

---

[2] Plaintiffs claim that as Plant Manager, Lorenz was and is responsible for resolution of the spills of hazardous chemicals alleged in the Complaint. (Compl., ¶ 10).

May 7, 2019, and according to Plaintiffs, said results showed high levels of PFAS contamination in Plaintiffs' drinking water. (*Id.*, ¶¶ 21, 22). Plaintiffs maintain that although SRG and Lorenz communicated that the PFAS contamination was a result of the same spills that resulted in the hexavalent chromium contamination in Plaintiffs' groundwater, Plaintiffs were not notified of any real or potential PFAS contamination until March 27, 2019. (*Id.*, ¶¶ 23-25).

Plaintiffs allege there are at least four PFAS chemicals present in Plaintiffs' groundwater, that are also present in Plaintiffs' blood serum. (Compl., ¶ 26). Plaintiffs claim the PFAS chemicals in their blood serum are a physical injury to Plaintiffs, and the exposure to hexavalent chromium and PFAS chemicals raises their risk of future injury, disease and cancer. (*Id.*, ¶¶ 27, 28). Plaintiffs maintain they have incurred damages due to SRG's release of the hexavalent chromium and PFAS, including diminution of property value, response costs, business interruption and loss, physical exposure to toxic chemicals, and elevated blood serum levels for PFAS. (*Id.*, ¶ 29).

Based on the foregoing, Plaintiffs filed their Complaint in the Circuit Court of St. Francois County, Missouri, on or about October 26, 2020. (ECF No. 5). Defendants removed Plaintiffs' suit to this Court on December 14, 2020, on the bases of diversity and federal question jurisdiction. (ECF No. 1). Plaintiffs lodge the following claims against SRG: Negligence Per Se as to Hexavalent Chromium (Count I); Negligence as to Hexavalent Chromium (Count II); Nuisance as to Hexavalent Chromium (Count III); Trespass as to Hexavalent Chromium (Count IV); Negligence Per Se as to PFAS (Count V); Negligence as to PFAS (Count VI); Nuisance as to PFAS (Count VII); Trespass as to PFAS (Count VIII); and Unjust Enrichment as to both Hexavalent Chromium and PFAS (Count IX). Plaintiffs further assert a claim for Negligent Misrepresentation against Lorenz (Count X).

As noted above, Defendants filed the instant Motion to Dismiss on December 21, 2020, claiming all Plaintiffs lack standing to pursue their claims of negligence *per se* (Counts I and V), and the individual Plaintiffs lack standing to pursue their claims of trespass and nuisance. (ECF No. 8).

**DISCUSSION**

**I.   Counts I And V**

In Count I of their Complaint, Plaintiffs assert a claim against SRG for negligence *per se* as to hexavalent chromium. (Compl., ¶¶ 30-39). In Count V, they assert the same claim as to PFAS. (*Id.*, ¶¶ 68-78). Plaintiffs' claims are based on Missouri law governing the cleanup of hazardous substance, specifically Mo. Rev. St. § 260.530.1, which states in relevant part as follows:

> Any person having control over a hazardous substance[3] shall be strictly liable to the state of Missouri for the reasonable cleanup costs incurred by the state as a result of the failure of such person to clean up a hazardous substance involved in a hazardous substance emergency in accordance with the requirements of sections 260.500 to 260.550….

*Id.*

In their Motion to Dismiss Defendants assert the Missouri Hazardous Substance Emergency Statute, as quoted above, does not support a private cause of action. The Court assumes without deciding that SRG may be a "person having control over a hazardous substance" within the meaning of the statute. *See Yellow Freight Sys., Inc. v. ACF Indus., Inc.*, 882 S.W.2d 225, 228 (Mo. App. 1994). "However, the statute only allows the State of Missouri

---

[3] Mo. Rev. St. § 260.500(8) defines "person having control over a hazardous substance" as "any person producing, handling, storing, transporting, refining, or disposing of a hazardous substance when a hazardous substance emergency occurs, including bailees, carriers, and any other person in control of a hazardous substance when a hazardous substance emergency occurs, whether they own the hazardous substance or are operating under a lease, contract, or other agreement with the legal owner thereof."

to bring a cause of action against such persons." *Id.*[4]  Under these circumstances, the Court must dismiss Counts I and V of Plaintiffs' Complaint.

## II.      Counts III, IV, VII And VIII

In Counts III and IV, Plaintiffs assert claims against SRG for nuisance and trespass as to hexavalent chromium. (Compl., ¶¶ 49-67).  In Counts VII and VIII, they assert the same claims as to PFAS. (*Id.*, ¶¶ 88-106).  In their Motion to Dismiss Defendants maintain the individual Plaintiffs' claims for nuisance and trespass must be dismissed, as said Plaintiffs fail to establish they own or possess the Ozark property.  Specifically, Defendants note that while the individual Plaintiffs broadly allege they are the owners and actual possessors of the property, their Complaint "does not say how the individuals acquired title not reflected in assessor records, and does not distinguish whether the Individual Plaintiffs possess an ownership in the Ozark Steel property.  There are also insufficient facts to establish Plaintiffs' generalized legal conclusion that Plaintiffs are 'possessors' of the Ozark Steel property." (Memorandum in Support of Defendants' Motion to Dismiss, P. 5).

Upon consideration of the parties' submissions, the Court finds the issues raised in this portion of Defendants' motion are more properly addressed on summary judgment, with a full record before the Court.  Defendants' Motion to Dismiss Counts III, IV, VII and VIII will therefore be denied without prejudice.

---

[4] The *Yellow Freight* court noted that the absence of an implied case of action did not foreclose other remedies for Yellow Freight against ACF Industries. *Yellow Freight*, 882 S.W.2d at 228-29.  The means of enforcement provided by the statute, however, "is expressly the strict liability of any person having control over a hazardous substance *to the State of Missouri* for the reasonable cleanup costs." *Id.* at 229 (emphasis added).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED** in part and **DENIED** without prejudice in part, in accordance with the foregoing.

Dated this 13th Day of March, 2021.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE