UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OZARK STEEL FABRICATORS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:20CV1772 JCH |
| SRG GLOBAL, LLC[1], et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Renewed Motion to Dismiss Plaintiffs' Amended Complaint, filed April 28, 2021. (ECF No. 37). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Ozark Steel Fabricators, Inc. ("Ozark") is a Missouri corporation with its principal place of business located at 1 Ozark Steel Drive, Farmington, Missouri, 63640 ("the Ozark Property"). (Amended Complaint ("Compl."), ¶ 1). Plaintiffs Charles Edward Crites,

---

[1] In their original Complaint, Plaintiffs sued SRG Global, Inc. and Brandon Lorenz. (*See* ECF No. 5). According to Defendants, Plaintiffs incorrectly identified the defendant entity in their Complaint as SRG Global, Inc., which was converted into SRG Global, LLC on December 31, 2019. (*See* Defendants' Notice of Removal, ECF No. 1, P. 1 n. 1). Defendants corrected the misnomer and responded on behalf of SRG Global, LLC. (*Id.*). Defendants further noted SRG Global Coatings, LLC is the correct party in interest, as the landowner of the property that is the subject of Plaintiffs' Complaint. (*Id.*). On March 2, 2021, the Court granted Plaintiffs' Motion to Amend, thereby adding SRG Global, LLC and SRG Global Coatings, LLC as Defendants. (*See* ECF Nos. 29-31). Plaintiffs did not dismiss SRG Global, Inc., however, and in their Amended Complaint, Plaintiffs persist in naming it as a Defendant. (*See* ECF No. 34). Defendants now move to dismiss SRG Global, Inc., and upon consideration of the parties' submissions, the Court will grant Defendants' motion.

Matthew Ryon Laut, Travis Bryant Massie and Jimmy DeWayne Hand all claim to be owners of Ozark and Missouri residents. (*Id.*, ¶¶ 2-5).

SRG holds itself out to be one of the world's leading manufacturers of chrome plated plastic parts for the automotive and commercial truck industries, and has a manufacturing presence in North America, Western and Central Europe and Asia. (Compl., ¶ 8). SRG has a plant located at 2055 Progress Drive, Farmington, Missouri, 63640, where it manufactured chrome plated plastic parts. (*Id.*, ¶¶ 7, 9). Plaintiffs allege that at all relevant times, Defendant Brandon Lorenz ("Lorenz") was the Plant Manager for SRG in Farmington, overseeing and responsible for operations at the plant. (*Id.*, ¶ 10).[2]

Plaintiffs allege that sometime on or about October 26, 2017, Lorenz informed Plaintiffs that SRG had caused, and was continuing to cause, hexavalent chromium to be released into the soil and to the groundwater migrating to the Ozark Property. (Compl., ¶ 13). Lorenz allegedly informed Plaintiffs that SRG had released the hexavalent chromium for an undetermined period of time, that the release was ongoing, and that SRG was investigating the extent of the contamination. (*Id.*, ¶ 14). According to Plaintiffs, Lorenz assured Plaintiffs both on and after October 26, 2017, that there were no hazards or dangers to them associated with the release. (*Id.*, ¶¶ 15, 16).

Plaintiffs allege that they and Lorenz negotiated the terms of an Access Agreement, through which SRG would gain access onto Ozark's business property for itself and its consultants to conduct sampling. (Compl., ¶¶ 17, 18). According to Plaintiffs, the Access Agreement contained mutual contractual promises and covenants, and was reviewed by attorneys on both sides. (*Id.*, ¶¶ 19, 20). Plaintiffs maintain Lorenz continued to inform them during the

---

[2] Plaintiffs claim that as Plant Manager, Lorenz was and is responsible for resolution of the spills of hazardous chemicals alleged in the Amended Complaint. (Compl., ¶ 10).

- 2 -

negotiation of the Access Agreement that there were no hazards or dangers to Plaintiffs associated with the release, despite the fact that he knew or should have known such dangers existed. (*Id*., ¶¶ 21, 23). Plaintiffs assert that Lorenz's representations regarding the absence of hazards was material to their decision to sign the Access Agreement and permit SRG to conduct groundwater tests. (*Id.*, ¶¶ 24, 25).

According to Plaintiffs, the testing confirmed elevated levels of hexavalent chromium in Plaintiffs' groundwater on the Ozark Property, which exceeded Missouri's risk-based corrective action standard for groundwater. (Compl., ¶ 26). Plaintiffs claim Lorenz telephoned on March 27, 2019, and informed them SRG had reason to believe it had contaminated Plaintiffs' drinking water with hazardous substances, including certain per- and polyfluoroalkyl substances ("PFAS") chemicals and hexavalent chromium. (*Id.*, ¶ 28).

On April 8, 2019, samples of Plaintiffs' drinking water were obtained to test for the presence of PFAS. (Compl., ¶ 29). The laboratory results were communicated to Plaintiffs on May 7, 2019, and according to Plaintiffs, said results showed high levels of PFAS contamination in Plaintiffs' drinking water. (*Id.*, ¶¶ 30, 31). Plaintiffs maintain that although SRG and Lorenz communicated that the PFAS contamination was a result of the same spills that resulted in the hexavalent chromium contamination in Plaintiffs' groundwater, Plaintiffs were not notified of any real or potential PFAS contamination until March 27, 2019. (*Id.*, ¶¶ 32-34).

Plaintiffs allege there are at least four PFAS chemicals present in Plaintiffs' groundwater, that are also present in Plaintiffs' blood serum. (Compl., ¶ 35). Plaintiffs claim the PFAS chemicals in their blood serum are a physical injury to Plaintiffs, and the exposure to hexavalent chromium and PFAS chemicals raises their risk of future injury, disease and cancer. (*Id.*, ¶¶ 36, 37). Plaintiffs claim they have incurred damages due to SRG's release of the hexavalent

chromium and PFAS, including diminution of property value, response costs, business interruption and loss, physical exposure to toxic chemicals, and elevated blood serum levels for PFAS.  (*Id.*, ¶ 38).

Based on the foregoing, Plaintiffs filed their original Complaint in the Circuit Court of St. Francois County, Missouri, on or about October 26, 2020.  (ECF No. 5).  Defendants removed Plaintiffs' suit to this Court on December 14, 2020, on the bases of diversity and federal question jurisdiction.  (ECF No. 1).[3]  Plaintiffs lodged the following claims against SRG:  Negligence Per Se as to Hexavalent Chromium (Count I); Negligence as to Hexavalent Chromium (Count II); Nuisance as to Hexavalent Chromium (Count III); Trespass as to Hexavalent Chromium (Count IV); Negligence Per Se as to PFAS (Count V); Negligence as to PFAS (Count VI); Nuisance as to PFAS (Count VII); Trespass as to PFAS (Count VIII); and Unjust Enrichment as to both Hexavalent Chromium and PFAS (Count IX).  Plaintiffs further asserted a claim for Negligent Misrepresentation against Lorenz (Count X).

In a Memorandum and Order entered March 15, 2021, the Court dismissed Counts I and V of Plaintiff's Complaint.  (ECF No. 33).  In a separate Memorandum and Order entered that same day, the Court dismissed Plaintiff's negligent misrepresentation claim against Lorenz, but granted Plaintiffs leave to amend their Complaint to address the noted deficiencies.  (ECF No. 32).

In their Amended Complaint, filed March 29, 2021, Plaintiffs reassert the same nine claims against SRG.  (ECF No. 34).  Plaintiffs further reassert an amended version of their negligent misrepresentation claim against Lorenz.  (*Id.*).

---

[3] Under both the Complaint and the Amended Complaint, the parties are not diverse, as both Plaintiffs and Lorenz are citizens of Missouri.  Defendants claim Lorenz was fraudulently joined, however, as the sole claim against him is frivolous and intended solely to avoid federal jurisdiction.

As stated above, Defendants filed the instant Renewed Motion to Dismiss Plaintiffs' Amended Complaint on April 28, 2021, claiming Plaintiffs again fail to state a claim for relief for negligent misrepresentation. (ECF No. 37). Defendants further request that the Court dismiss SRG Global, Inc., a non-existent entity, as a Defendant, and, consistent with its earlier Order, dismiss Counts I and V from Plaintiff's Amended Complaint.

## DISCUSSION

### I.     Counts I And V

As noted above, in a Memorandum and Order entered March 15, 2021, the Court dismissed Counts I and V of Plaintiff's original Complaint. (ECF No. 33). Specifically, the Court found that the Missouri Hazardous Substance Emergency Statute does not support a private cause of action. Plaintiffs nevertheless included Counts I and V in their Amended Complaint, stating as follows: "Subject to the Court's ruling on Defendants' Motion to Dismiss Plaintiff[s] realize[] no further Answer is required to Count[s] I/V. Plaintiffs however specifically do not abandon Count[s] I/V." (Amended Compl., PP. 6 n. 2, 10 n. 3).

Upon consideration of the foregoing, the Court will dismiss Counts I and V of Plaintiffs' Amended Complaint, pursuant to the same reasoning as expressed in its prior Memorandum and Order.

### II.    Fraudulent Joinder

Generally, a defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions where the matter is between citizens of different states, and the amount in controversy is greater than $75,000.[4] 28 U.S.C. § 1332(a)(1).

---

[4] Plaintiffs do not dispute that the amount in controversy here is greater than $75,000.

Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand."  *Byrd v. TVI, Inc*., No. 4:15CV1439 CDP, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

In the instant case, as noted above both Plaintiffs and Lorenz purportedly are citizens of the State of Missouri.  Complete diversity of citizenship therefore does not exist, and removal is precluded unless Lorenz was fraudulently joined.  *See Knudson v. Systems Painters, Inc*., 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation marks and citations omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.")  "The purpose of this [fraudulent joinder] exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court."  *Id.* (citation omitted).

Joinder of a defendant is fraudulent where there exists no reasonable basis in law or fact to support the claim asserted against it.  *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).  "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, No. 4:15CV586 AGF, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015) (internal quotation marks and citations omitted).  The question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant.  *Junk v. Terminix Intern. Co*., 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 565 U.S. 816 (2011).  If not, the joinder is fraudulent and dismissal of the defendant is proper.  *See Thompson v. R.J.*

*Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendants, as the removing parties alleging fraudulent joinder, bear the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3.

As noted above, in their Amended Complaint Plaintiffs assert a claim for negligent misrepresentation against Lorenz. "The elements of a claim for negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss." *Ryann Spencer Group, Inc. v. Assurance Co. of Amer.*, 275 S.W.3d 284, 288 (Mo. App. 2008) (citing *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 689 (Mo. App. 1994)).

In its earlier Order, the Court dismissed Plaintiffs' negligent misrepresentation claim, holding that (1) it was unclear that the speaker, Lorenz, supplied information that was false in the first instance, and (2) Plaintiffs failed to plead facts demonstrating that any alleged statements were provided for the guidance of a limited group of persons in a particular business transaction. (*See* ECF No. 32, PP. 5-7). The Court granted Plaintiffs leave to amend, however, and Plaintiffs supplemented their allegations against Lorenz in their Amended Complaint.

Upon consideration of the parties' submissions, the Court finds that while Plaintiffs supplemented and/or altered their allegations with respect to Lorenz's alleged false statements,

they still fail to set forth a claim for negligent misrepresentation against Lorenz.  As noted above, the first and third elements of Plaintiffs' claim require them to establish that the speaker, Lorenz, supplied information in the course of his business, and intentionally provided the information for the guidance of a limited group of persons in a particular business transaction.  While Plaintiffs now claim that the business transaction at issue was the negotiation of the Access Agreement, the Court agrees with Defendants that said negotiation was not a business transaction between Plaintiffs and Lorenz.  In other words, because the Access Agreement did not contain promises and covenants that were binding on Lorenz, its negotiation cannot establish a business transaction between Lorenz and Plaintiffs.  Under these circumstances, the Court will dismiss Count X of Plaintiffs' Amended Complaint for failure to state a claim against Defendant Lorenz.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 37) is **GRANTED** in its entirety.


Dated this 16th Day of June, 2021.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE